IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NAKIA HUGGINS,
#192637
        Plaintiff,

vs.                            5:05cv248/SPM/MD

SGT. JOSHUA JOHNSON, et al.
        Defendants.

---

## O R D E R

On March 2, 2006, the court directed service on the four defendants named in the plaintiff's complaint.  (Doc. 12).  Service was returned unexecuted as to defendants Jason Tyus and Joshua Johnson.  (Doc. 15 & 16).  The office of the Deputy General Counsel for the Florida Department of Corrections has verified, via a notice to the court (doc. 28), that these defendants are still employed by the DOC, at a different institution.  The notice to the court further indicates that the notice, together with a copy of the court's previous order, the summons and service copies of the complaint for these two defendants would be forwarded to the Marshal's office.

Accordingly, it is ORDERED:

1. The clerk shall send the Marshal two copies of this order.

2.   Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Martha Huerta** is specially appointed to serve process upon the defendants at **Everglades Correctional Institution**.

3.   Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the civil rights

complaint and this order upon defendants Johnson and Tyus by mailing these documents by regular mail to the above named special process server, **Martha Huerta**, who shall serve the complaint.  All costs of service shall be advanced by the United States.

4.  Within 10 days after receipt of the complaint and this order, the server shall serve the complaint upon defendants Jason Tyus and Joshua Johnson, complete and **sign** the return of service, and **return** it to the <u>clerk of court</u> as proof of service.  The defendants shall also sign the return of service as an acknowledgment of receipt of service.  If the defendants cannot be served within ten days, the special process server shall also report this information to the court.

5.  The defendants shall review the subject matter of the complaint in order to:

a. Ascertain the facts and circumstances surrounding the complaint;

b. Consider whether any action should be taken directly by prison officials to resolve the issues raised in the  complaint; and

c. Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

6.  Within 60 days of receipt of the summons, defendants shall respond to the complaint either by filing a motion pursuant to 42 U.S.C. § 1997e to dismiss the proceedings because plaintiff has not exhausted administrative remedies or by filing a special report with the court, and a copy thereof to plaintiff, containing the following:

a. Sworn statements of all persons having knowledge and relevant information regarding the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the plaintiff.)

b.  Copies of any written reports prepared as a result of investigation of the inmate's allegations.

c. All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

d. Where relevant, copies of medical or psychological or disciplinary records.

> e. Where applicable, copies of relevant administrative rules, regulations or
> guidelines.

The defendants are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment.  Therefore, the special report shall include any other Rule 56 materials that the defendants wish the court to consider.

7.   No answer, motion to dismiss, motion for summary judgment, or request for discovery, other than those described herein, shall be served or filed by any party without permission of the court.  If any such pleading or motion is sent to the court, the clerk shall not file or otherwise treat the pleading as a motion until or unless the court so orders.

8.   The plaintiff is reminded that he is required to mail to the attorney for each defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court.  The plaintiff shall include with the original paper to be filed with the clerk of the court a certificate stating the date a correct copy of the paper was mailed to each defendant or to the attorney representing each defendant.  Any paper so submitted for filing that does not contain a certificate of service shall be returned by the clerk and disregarded by the court.

DONE AND ORDERED this 8th day of June, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:05cv353/RV/MD*