IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NAKIA HUGGINS,
    Plaintiff,

vs.                                           Case No.: 5:05cv248/SPM/MD

SERGEANT JOSHUA JOHNSON, et al.,
    Defendants.

_____

## REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is before the court upon referral from the clerk. On June 22, 2006 defendants Weeks and Ragans filed a special report and supporting documents. (Doc. 35). The *pro se* plaintiff, a state prisoner who is proceeding *in forma pauperis* in this action,[1] responded to the special report. (Doc. 38). On July 19, 2006 the court entered an order advising the parties of the importance and ramifications of Rule 56 summary judgment consideration, and informing the parties that the special report would be construed as a motion for summary judgment as of August 20, 2006. (Doc. 39). Neither party filed additional argument or Rule 56 materials.

On September 8, 2006 defendants Johnson and Tyus filed a special report and supporting documents, which adopted and incorporated defendants Weeks and Ragans' special report and exhibits. (Doc. 44). On September 12, 2006 the court entered an order informing the parties that the special report would be construed as a motion for summary judgment as of October 12, 2006 and providing plaintiff an opportunity to respond. (Doc. 45). Plaintiff has filed a response. (Doc. 48).

---

[1] Court records reflect as of October 24, 2006 the plaintiff has paid $226.02 toward the $250.00 filing fee; therefore, as of that date he still owes $23.98 to the court.

Upon review of the summary judgment record, it is the opinion of the undersigned that defendants' motions for summary judgment should be denied.

## BACKGROUND

Plaintiff was incarcerated at Apalachee Correctional Institution at the time of the events giving rise to this complaint. In plaintiff's verified complaint (doc. 1) and affidavit filed in response to defendants' motion for summary judgment (doc. 38, ex. C), plaintiff alleges that on January 31, 2005 he was involved in a "melee (brawl)" that occurred between correctional officers and inmates on the recreation yard. (Doc. 1, p. 7; doc. 38, ex. C ¶¶ 1-2). During the course of this disturbance, plaintiff was tackled to the ground and placed in handcuffs (behind his back) by defendant Johnson. (Doc. 1, p. 7; doc. 38, ex. C ¶ 3). After plaintiff had been secured, and while he was lying on the ground being held by another correctional officer and no longer resisting, defendants Johnson, Ragans, Weeks and Tyus proceeded to "savagely beat" plaintiff by punching (with closed fists) and kicking him about the face and head. (Doc. 1, p. 7; doc. 38, ex. C, ¶ 4). The assault lasted approximately five minutes. (*Id.*). Plaintiff was then lifted from the ground, removed from the recreation yard by defendants Ragans and Tyus, and escorted to the Captain's office. While en route, defendant Ragans threatened that he was going to teach plaintiff a lesson. (Doc. 1, p. 7; doc. 38, ex. C ¶¶ 5-6).

Once inside the Captain's office waiting area, which was unoccupied, defendants Ragans and Tyus pushed plaintiff to the floor and, while plaintiff was still handcuffed, started punching and kicking him in the face and head as he "lay on the floor curled in a fetal position yelling for help." Ragans kept screaming at plaintiff that they were going to kill him. (Doc. 1, p. 7; doc. 38, ex. C ¶¶ 7-8). Plaintiff was taken to confinement and seen by medical staff. A "Use of Force" diagram was completed documenting plaintiff's injuries. (Doc. 1, p. 7B). The "Use of Force" diagram describes plaintiff's injuries as an abrasion to the right shin and edema[2] in

---

[2]Edema is defined as: "an abnormal excess accumulation of serous fluid in connective tissue or in a serous cavity." WEBSTER'S NEW COLLEGIATE DICTIONARY 358 (1981).

the corner of the right eye with redness. (Doc. 38, ex. C ¶ 11 and ex. L). Plaintiff was placed in a holding cell. One Inspector Sergeant Smith came and took photographs of plaintiff's face. (Doc. 1, p. 7B; doc. 38, ex. C ¶ 12). As a result of the assault, plaintiff suffered a black eye, swollen face and head, a chipped tooth, an injury to his right knee, and various abrasions and aches and pains. (Doc. 1, p. 7B). On February 1, 2005 plaintiff was transferred to Florida State Prison, where medical staff completed a second "Use of Force" diagram documenting plaintiff's injuries. (Doc. 1, p. 7B). The second "Use of Force" diagram notes that plaintiff's right eye was swollen and black and that plaintiff had an abrasion on his right leg. (Doc. 38, ex. C ¶ 13 and ex. M). Claiming defendants subjected him to an excessive use of force constituting cruel and unusual punishment in violation of the Eighth Amendment, plaintiff sues defendants in their individual capacities and seeks $50,000 compensatory damages and punitive damages against each defendant "jointly and severally," plus costs. (Doc. 1, p. 8).

Defendants, in their motions for summary judgment, argue that plaintiff has failed to establish a violation of his Eighth Amendment rights. According to defendants, any injury plaintiff received "arose from the need to neutralize [his] assaultive behavior," and was necessary "to disarm, restrain and remove" plaintiff. (Doc. 35, p. 12; doc. 44). Specifically, defendants assert that while on the recreation yard on the date in question, defendant Weeks was informed that plaintiff was armed with a shank. Plaintiff was escorted to defendant Weeks, where he refused to comply with Weeks' order that he turn around to be handcuffed. Instead, plaintiff struck defendant Weeks in the left jaw area with his fist, and ran. He was pursued by correctional officers and did not respond to application of chemical agents or orders to submit to handcuffing. Defendants Ragans, Johnson and Tyus arrived on the scene and witnessed the unsuccessful use of chemical agents. When plaintiff attempted to run, defendant Johnson placed both arms around plaintiff's upper torso area while facing him. Plaintiff began striking Johnson in the left rib cage area with a sharp object. Plaintiff was eventually secured to the ground, handcuffed and removed from the recreation yard. (Doc. 35, exs. C1-C8; doc. 44, exs. A-F).

**Defendants deny that plaintiff was punched or kicked by any correctional staff once secured and, correspondingly, do not argue that force was necessary to maintain order or restore discipline once plaintiff was secured to the ground. They also deny that plaintiff was punched or kicked by any correctional staff while in the Captain's office. (***Id.***; *see also* ex. C-9).**

**Defendants further argue that plaintiff's medical records belie his allegations concerning the severity of the alleged beating; that the records demonstrate that only de minimis force was used on plaintiff, and that a de minimis use of force cannot support a claim for excessive use of force. To support these allegations, defendants have submitted the affidavit of Dr. Daniel P. Cherry, III, who, upon review of plaintiff's medical records, opines that plaintiff's injuries arising from the January 31, 2005 incident were "of a minimal nature." (Doc. 35, ex. C-10). In addition, they have submitted the affidavit of Dr. James D. Poston, a dentist, who examined plaintiff's tooth on February 17, 2005 in response to plaintiff's complaint of thermal sensitivity in the tooth. (***Id.***, ex. C-11). Dr. Poston confirms that plaintiff's tooth is chipped, but states that he is unable to ascertain when the chip occurred.**

**In response, plaintiff has submitted affidavits of six fellow inmates who corroborate plaintiff's version of events. (Doc. 38, exs. A, B, D-G). The affidavits present no new evidence, except to add that numerous officers were holding plaintiff to the ground when he was punched and kicked by defendants. (***Id.***, exs. A, B, E, F).[3] Other inmates amplify the description of plaintiff's injuries, adding that plaintiff's face was so swollen it resembled a balloon. (***Id.***, ex. A ¶ 5).**

## DISCUSSION

<u>Summary Judgment Standard</u>

**In order to prevail on his motion for summary judgment, the defendant must show that plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial. *Celotex Corp. v.***

---

[3] Another inmate states he also witnessed defendant Johnson kneel on plaintiff's back with one knee and "with both hands on the back of Huggins' head grind[ ] his face into the dirt" while plaintiff was lying on the ground with his hands cuffed. (Doc. 38, ex. G).

*Case No: 5:05cv248/SPM/MD*

*Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If the defendant successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Id. Accord Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). Further, plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)). Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"), *cert. denied*, 522 U.S. 1126 (1998) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to the plaintiff. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and

that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S. Ct. at 2552.

<u>Eighth Amendment Standard</u>

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).  To determine whether force was applied maliciously and sadistically to cause harm, a court considers a number of factors: "(1) the extent of the injury; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them."  *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (citing *Whitley*, 475 U.S. at 321; *Hudson v. McMillian*, 503 U.S. 1, 7-8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).  From consideration of these factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)).  The Court in *Whitley* narrowed the precise inquiry applicable when deciding whether officials are entitled to judgment as a matter of law:

> courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives.  Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support <u>a reliable inference of wantonness in the infliction of pain</u> under the standard we have described, the case should not go to the jury.

*Whitley*, 475 U.S. at 322, 106 S.Ct. 1078 (emphasis added).

<u>Conclusions of Law Regarding Material Facts</u>

The parties do not appear to dispute the facts giving rise to plaintiff being disarmed, secured to the ground and handcuffed.  Indeed, plaintiff does not dispute

that he had a shank; that he did not comply with defendant Weeks' initial order to turn around to be handcuffed; that he struck defendant Weeks with his fist; that he ran from officers; and that he stabbed defendant Johnson with the shank.  Nor does plaintiff challenge the force applied by correctional officers during the course of securing him.  What plaintiff challenges is the force that was applied <u>after</u> he was secured.  The parties sharply dispute those events, with plaintiff alleging two beatings, and defendants denying that any correctional officer struck plaintiff once he was secured to the ground.

The facts, construed in the light most favorable to plaintiff, the non-moving party, are that after he was secured to the ground and in handcuffs, no longer resisting, and being held face down by officers, defendants repeatedly punched and kicked him in the face, and that defendants Ragans and Tyus continued the assault once in the Captain's office waiting area while Ragans yelled threats that they were going to kill plaintiff.  Defendants "categorically deny" these allegations. (Doc. 35, p. 11; doc. 44, p. 5).  These disputed facts are critical to plaintiff's excessive force claim.

Also in dispute is the severity of plaintiff's injuries.  Defendants argue that plaintiff's injuries were de minimis, indicating that only a de minimis use of force was used.  They correctly assert that a de minimis use of force cannot support a claim for excessive use of force.  *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (citing *Hudson*, 503 U.S. at 7-8, 112 S.Ct. 995).[4]  However, taking plaintiff's allegations and supporting affidavits as true and viewing them in a light most favorable to him, the evidence shows that defendants' repeated punching and

---

[4]**However, as the Eleventh Circuit explained in *Harris v. Chapman*:**

> The absence of "serious injury" alone is insufficient to dismiss a prisoner's Eighth Amendment claim.  Instead, analysis of an Eighth Amendment excessive force claim is contextual and requires that [the factors announced in *Hudson*] be considered. . . . Only "de minimis" uses of force are beyond constitutional recognition.  Moreover, the Supreme Court has suggested that the type of punishment, rather than some arbitrary quantity of injury, may be relevant for Eighth Amendment claims.

*Id.*, (quoting *Hudson*, 503 U.S. at 5, 7-8).  Thus, the absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim; it is, however, relevant evidence of a de minimis use of force.

*Case No: 5:05cv248/SPM/MD*

**kicking of plaintiff's face and head after he had been disarmed, handcuffed, and was lying on the ground no longer resisting, caused plaintiff to suffer swelling to his face to the extent that his face resembled a balloon, a black eye, a chipped tooth, an injury to his right knee, and various abrasions. Although a close case, the undersigned finds that in these particular circumstances, viewing the summary judgment evidence in the light most favorable to plaintiff, a reasonable jury could conclude that plaintiff's claims constitute more than a "de minimis" or insignificant use of force.** *Compare Harris v. Chapman*, **97 F.3d at 505-06 (finding more than de minimis force where plaintiff claimed: (1) that correctional officers as a group kicked and beat the plaintiff; (2) that particular officer specifically snapped plaintiff's head back with a towel, "mugged" or slapped him twice in the face, and harassed him with several racial epithets and other taunts; and (3) that some of these actions, particularly the kicking and use of the towel, caused or exacerbated injuries to plaintiff's back),** *with Nolin v. Isbell*, **207 F.3d 1253 (11th Cir. 2000) (finding de minimis force where an officer "grabbed [the suspect] from behind by the shoulder and wrist, threw him against a van three or four feet away, kneed him in the back and pushed his head into the side of the van, searched his groin area in an uncomfortable manner, and handcuffed him").**

## CONCLUSION

**Upon full consideration of the evidence within the summary judgment record, the court concludes that given plaintiff's version of the facts, a reasonable jury could conclude that defendants Johnson, Weeks, Ragans and Tyus' repeated punching and kicking of plaintiff in the head in the manner described constituted excessive force in violation of plaintiff's constitutional rights under the Eighth Amendment Thus, none of the defendants are entitled to summary judgment on plaintiff's excessive force claims.**

Case No: 5:05cv248/SPM/MD

**Accordingly it is respectfully RECOMMENDED:**

**1. That defendants' motions for summary judgment (docs. 35, 44) be DENIED.**

**2. That this matter be referred to the undersigned for further proceedings.**

**At Pensacola, Florida this 7th day of November, 2006.**

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**